## JOHAN A. ENGH, RESPONDENT, *v.* HENRY GREENEBAUM AND OTHERS, APPELLANTS.

*Principal — when bound by acts of agent — Private instructions to agent — persons without notice not affected by.*

The defendants are bankers, and as such sell drafts payable in Europe. They employed one S. to sell drafts for them in Brooklyn, he being authorized to draw drafts in his own name on defendants' foreign correspondents. A printed list of instructions was furnished to S., and by them "such drafts are to be covered with us in funds par in New York, and will then be duly advised for protection by our regular advices to Europe." Plaintiff purchased certain drafts of S., some of which were paid, and payment of the others refused because the money paid for them to S. had been retained by him and not paid over to the defendants. In an action brought by plaintiff on such drafts, *held*, that he was entitled to recover ; that the defendants could not authorize a sale of their drafts and make their validity depend upon the fact that the agent should pay them the money received upon them, in the absence of knowledge of such a condition by the purchaser.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The defendants were bankers, and sold drafts payable in the different countries of Europe. They furnished to their agent blanks of the following form :

Exchange for ——————

On demand of this first of exchange (second unpaid) pay to the order of ————, value received, and charge the same to account of G. B. & Co., as per advice from them.

Your obt. servant,

——————.

The drafts were to be signed by the agents and directed to any of the foreign correspondents of the defendants, a list of them being furnished to each agent.

Other facts are stated in the opinion.

*H. Morrison*, for the appellants.

*Robert Johnstone*, for the respondent.

BARNARD, P. J.:

The defendants are bankers. They sell drafts payable in the various countries of Europe. They employed one Swanstrum to act as their agent in selling such drafts in the city of Brooklyn, paying him one and one-half per cent on the sale of each draft. By the printed instructions, given him at the time of his employment, he was directed to draw his own drafts on defendants' correspondents abroad, and report promptly the number and date of the draft, and on whom and in whose favor, and for what amount drawn. Lists of persons, on whom drafts might be drawn in different countries, were given in the instructions, and, by those instructions, "such drafts are to be covered with us in funds par in New York, and will then be duly advised for protection by our regular advices to Europe."

The defendants furnished these drafts to Swanstrum, and he sold a number of them to plaintiff, which were regularly paid. The draft in question was not paid. The agent did not, in this instance, cover the draft, but applied the money received from plaintiff to his own use.

I think the defendants are liable upon it. Swanstrum did what he was employed to do. He sold drafts payable by defendants, drawing on their agents, as he was authorized to do, in his own name. He received plaintiff's money with full power from defendants. As between defendants and Swanstrum, he was bound to pay the money to defendants; but his failure to do this did not affect the plaintiff's rights. He could not know of the instructions given by defendants to their agent. If he did, the requirement by the defendants of their agent, to pay price of draft to them, is no more than the law would exact, in the absence of any written directions. The defendants cannot authorize a sale of their drafts, and make their validity depend upon the fact, whether the agent pays them the money received for it, in the absence of knowledge of such a condition by the purchaser. The judgment should be affirmed, with costs.

Present—BARNARD, P. J., TAPPEN and TALCOTT, JJ.

TALCOTT, J., dissented.

Judgment affirmed, with costs.